HERZLICH, BLUM & ROZA, LLP
Attorneys-At-Law

27240 TURNBERRY LANE, SUITE 200
VALENCIA, CALIFORNIA 91355
Telephone (818) 783-8991

Allan Herzlich  State Bar #100920
Jerome J. Blum  State Bar #100317
Marta Roza State  Bar #307206

Attorneys for Plaintiff

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>LI WAN; ZANPEI XU,<br><br>Debtors.<br>_____<br>STUBBS ALDERTON & MARKILES, LLP, a California limited liability partnership,<br><br>Plaintiff,<br><br>vs.<br><br>LI WAN, an individual aka Margaret Xu; ZANPEI XU, an individual aka Heim Xu; and DOES 1 through 10, inclusive,<br><br>Defendants. | BK NO. 2:24-bk-18523-BB<br>ADV NO.<br><br>Chapter 7<br><br>COMPLAINT TO DETERMINE AMOUNT OF DEBT AND TO DETERMINE THE DEBT TO BE NON-DISCHARGEABLE/ DENY DISCHARGE |

TO THE HONORABLE JUDGE OF THE BANKRUPTCY COURT:

AS AND FOR A SEPARATE CLAIM OF RELIEF, PLAINTIFF ALLEGES:

1. Plaintiff, STUBBS ALDERTON & MARKILES, LLP (hereafter, "SAM"), is a creditor of the above-named debtors: LI WAN (also known as Margaret Xu; hereafter, "WAN")

-1-

COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE, ETC.

and ZANPEI XU (also known as Heim Xu; hereafter "XU"). In addition, SAM is a creditor of Wisetex Apparel, LLC (a California limited liability company managed by including, but not limited to, Debtor/Defendant XU).

2. Defendants WAN and XU, of 424 Arcadia Drive, San Pedro, CA 90731, are the Debtors in the above-captioned proceedings.

3. This is an action under 11 USC §523(a)(2) and/or (a)(4); 11 USC §523(c) for a determination excepting the debt due to Plaintiff from discharge. This Court has jurisdiction of this action under 28 USC §1334, and this Complaint constitutes a core proceeding.

4. The above-referenced debt is a result of Defendants' fraudulent inducement of a contract, whereby the Debtors/Defendants and Wisetex Apparel, LLC procured services from Plaintiff without any real intent to pay for all of same, but instead intended to pretend the business would fail, while in fact shifting assets to themselves and/or other businesses run by the Debtor(s) individually and/or with others.

5. Defendants filed a Petition for Relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California, and the Defendants listed this debt to Plaintiff as a liability of WAN, XU and Wisetex Apparel, LLC. In the Petition, Defendants represented that, "Debtors are in the process of shutting down Wisetex Apparel LLC and have accordingly budgeted no revenue, profit, or compensation from the limited liability company."

6. Defendants knew at the time of making the above-referenced representations that they had no intention of paying Plaintiff for all of the services and falsely and fraudulently, for the purpose of deceiving Plaintiff, promised to do so.

///

7. By reason of said actions, Debtors/Defendants were able to deceive Plaintiff into entering into said transaction. Plaintiff was unaware that the representations of Defendants were false and fraudulent and, justifiably relying on said representations as being true, determined to deliver/provide services to the Debtors/Defendants and Wisetex Apparel, LLC. Had the Plaintiff known said representations were untrue, it would not have provided said services to Debtors/Defendants and/or to Wisetex Apparel, LLC.

8. Obviously, all debts were not paid (i.e., the Debtors/Defendants listed the debt described herein in their Schedules). On information and belief, Plaintiff alleges that the Debtors/Defendants have failed to explain, satisfactorily, any losses of assets or deficiency of assets, to meet their liabilities.

9. Plaintiff alleges on information and belief that the Debtors/Defendants sold and conveyed various assets/items of Wisetex Apparel, LLC's property to persons (and, likely, themselves) or firms unknown to Plaintiff without receiving in exchange therefor fair and adequate consideration.

10. Plaintiff alleges on information and belief that, each such asset and/or item of business property transferred and/or sold was worth in excess of the consideration, if any, received. The transfer(s) and/or sale(s) made by the Debtors/Defendants under the circumstances as related herein is contrary to the bankruptcy statutes and the Debtors' discharge should be denied for the reason that at each such time either Debtor transferred, removed, concealed or sold property/assets was with the intent to hinder, delay or defraud creditors and/or otherwise constituted a voidable transfer under appropriate laws.

11. As a direct and foreseeable result of false and fraudulent statements of and/or intentional actions and failures to act of Defendants, and by reason of Plaintiff's relying on the truthfulness of the same Plaintiff has been damaged in the sum of $215,239.32, plus interest

-3-

COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE, ETC.

thereon at the maximum legal rate from September 30, 2022.

WHEREFORE, Plaintiff prays for Judgment as follows:

1. That the Court determine the amount of debt in a sum according to proof, but no less than $215,239.32;
2. That the Court determine that the debt referenced above is a debt which may be excepted from discharge, after notice and hearing, under 11 USC §523(a)(2) and/or 11 USC §523(a)(4) and 11 USC §523(c);
3. That the day and date be set for hearing to determine the amount of debt and the non-dischargeability of said debt;
4. For costs herein expended;
5. For an order directing that Writs of Execution and Attachment issue against the Defendant for the amount of Plaintiff's Judgment plus interest; and
6. For such other relief to which the Plaintiff may be entitled.

DATED: January 13, 2025

Respectfully submitted,
HERZLICH, BLUM & ROZA, LLP

By: _____
MARTA ROZA

COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE, ETC.

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>STUBBS ALDERTON & MARKILES, LLP, a California limited liability partnership | **DEFENDANTS**<br>LI WAN, an individual aka Margaret Xu; ZANPEI XU, an individual aka Heim Xu |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>HERZLICH, BLUM & ROZA, LLP<br>27240 TURNBERRY LANE, SUITE 200<br>VALENCIA, CALIFORNIA 91355<br>Telephone (818) 783-8991 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION. INCLUDING ALL U.S. STATUTES INVOLVED)

This is an action under 11 USC §523(a)(2) and/or (a)(4); 11 USC §523(c) for a determination excepting the debt due to Plaintiff from discharge. This Court has jurisdiction of this action under 28 USC §1334, and this Complaint constitutes a core proceeding

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
   (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 215,239.32 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR  LI WAN; ZANPEI XU | BANKRUPTCY CASE NO.  2:24-bk-18523-BB ||
| DISTRICT IN WHICH CASE IS PENDING  Central | DIVISION OFFICE  Los Angeles | NAME OF JUDGE  Honorable Sheri Bluebond |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||
| DATE  January 13, 2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)  Marta Roza ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.