HERZLICH, BLUM & ROZA, LLP
Attorneys-At-Law

27240 TURNBERRY LANE, SUITE 200
VALENCIA, CALIFORNIA 91355
Telephone (818) 783-8991

Allan Herzlich  State Bar #100920
Jerome J. Blum  State Bar #100317
Marta Roza State  Bar #307206

Attorneys for Plaintiff

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>LI WAN; ZANPEI XU,<br><br>        Debtors.<br>_____<br><br>STUBBS ALDERTON & MARKILES, LLP, a California limited liability partnership,<br><br>        Plaintiff,<br><br>vs.<br><br>LI WAN, an individual aka Margaret Xu; ZANPEI XU, an individual aka Heim Xu; and DOES 1 through 10, inclusive,<br><br>        Defendants. | BK NO. 2:24-bk-18523-BB<br>ADV NO. 2:25-ap-01009-BB<br><br>Chapter 7<br><br>FIRST-AMENDED COMPLAINT TO DETERMINE AMOUNT OF DEBT AND TO DETERMINE THE DEBT TO BE NON-DISCHARGEABLE/<br>DENY DISCHARGE |

TO THE HONORABLE JUDGE OF THE BANKRUPTCY COURT:

AS AND FOR A SEPARATE CLAIM OF RELIEF, PLAINTIFF ALLEGES:

1. Plaintiff, STUBBS ALDERTON & MARKILES, LLP (hereafter, "SAM"), is a creditor of the above-named debtors: LI WAN (also known as Margaret Xu; hereafter, "WAN")

-1-

FIRST-AMENDED COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE, ETC.

and ZANPEI XU (also known as Heim Xu; hereafter "XU"). In addition, SAM is a creditor of Wisetex Apparel, LLC (hereafter "WISETEX;" a California limited liability company managed by including, but not limited to, Debtor/Defendant XU).

2. Defendants WAN and XU, of 424 Arcadia Drive, San Pedro, CA 90731, are the Debtors in the above-captioned proceedings.

3. This is an action under 11 USC §523(a)(2) and/or (a)(4); 11 USC §523(c) for a determination excepting the debt due to Plaintiff from discharge. This Court has jurisdiction of this action under 28 USC §1334, and this Complaint constitutes a core proceeding.

4. The above-referenced debt is a result of Defendants' fraudulent inducement of a contract, whereby the Debtors/Defendants and Wisetex Apparel, LLC (their business) procured services from Plaintiff without any real intent to pay for all of same, but instead intended to pretend the business would fail, while in fact shifting assets to themselves and/or other businesses run by the Debtor(s) individually and/or with others.

5. Defendants filed a Petition for Relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California, and the Defendants listed this debt to Plaintiff as a liability of WAN, XU and Wisetex Apparel, LLC. In the Petition, Defendants represented that, "Debtors are in the process of shutting down Wisetex Apparel LLC and have accordingly budgeted no revenue, profit, or compensation from the limited liability company."

6. Defendants knew at the time of making the above-referenced representations that they had no intention of paying Plaintiff for all of the services and falsely and fraudulently, for the purpose of deceiving Plaintiff, promised to do so.
///

-2-
FIRST-AMENDED COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE, ETC.

7. By reason of said actions, which will be described in greater detail below, Debtors/Defendants were able to deceive Plaintiff into entering into said transaction. The Plaintiff was unaware that the representations of Defendants were false and fraudulent and, justifiably relying on said representations as being true, determined to deliver/provide services to the Debtors/Defendants and Wisetex Apparel, LLC. Had the Plaintiff known said representations were untrue, it would not have provided said services to Debtors/Defendants and/or to Wisetex Apparel, LLC.

8. Obviously, all debts were not paid (i.e., the Debtors/Defendants listed the debt described herein in their Schedules). On information and belief, Plaintiff alleges that the Debtors/Defendants have failed to explain, satisfactorily, any losses of assets or deficiency of assets, to meet their liabilities.

9. Plaintiff alleges on information and belief that the Debtors/Defendants sold and conveyed various assets/items of Wisetex Apparel, LLC's property to persons (and, likely, themselves) or firms unknown to Plaintiff without receiving in exchange therefor fair and adequate consideration.

10. Plaintiff alleges on information and belief that, each such asset and/or item of business property transferred and/or sold was worth in excess of the consideration, if any, received. The transfer(s) and/or sale(s) made by the Debtors/Defendants under the circumstances as related herein is contrary to the bankruptcy statutes and the Debtors' discharge should be denied for the reason that at each such time either Debtor transferred, removed, concealed or sold property/assets was with the intent to hinder, delay or defraud creditors and/or otherwise constituted a voidable transfer under appropriate laws.

11. Plaintiff alleges, on information and belief, that Debtors/Defendants engaged, planned and participated in maneuvers that would ultimately place them in a position to

attempt to, under the penalty of perjury, declare that, "Debtors are in the process of shutting down Wisetex Apparel LLC and have accordingly budgeted no revenue, profit, or compensation from the limited liability company."

12.  Specifically, and to wit, an entity known as "For Love & Thread Apparel Corp." filed a Complaint in the Los Angeles Superior Court against WISETEX and Defendants WAN and ZU in May of 2021, Case Number 21LBCV00277. That action is still considered/listed as "pending," but stayed, based on the Bankruptcy filing in this Court (Case No. 2:24-bk-18523-BB).

13.  Plaintiff alleges, on information and belief, that Debtors/Defendants, having been threatened by "For Love & Thread Apparel Corp" with a lawsuit and anticipated that a judgment would be entered in that regard, and against them. So, Plaintiff alleges, on information and belief, that in an effort to hinder, defraud and/or delay Plaintiff in the collection of the sums accruing and that would be ultimately owed to Plaintiff by Defendants WAN and ZU, they formed an entity (and/or entities) in April of 2021, and thereafter, and transferred their personal assets, and/or WISETEX's assets, to various entities named with the beginning phrases of "All in Love." Plaintiff respectfully represents that the exact name of the transferee(s) will be flushed out during discovery (which is why "Does" have been named in this Complaint). There are, at least, two entities that fall under the premise of possible transferees: "All In Love Apparel, Corp." (an entity formed in New York in May of 2021 – and not March of 2021 as indicated in the Petition – and which was not registered in California until November of 2021), and, "All In Love Thread, Inc." (an entity formed in California in late April of 2021 – the entity that was added by "For Love & Thread Apparel Corp" as a Doe to Los Angeles Superior Court Case Number 21LBCV00277. That case type is listed as "Contractual Fraud." On information and belief, Plaintiff represents that Defendants WAN and ZU have denied an ownership interest in "All in Love Thread, Inc." – despite Defendant ZU being listed as the incorporator, agent for service, CEO, Secretary, CFO and Director.

13. In addition, Plaintiff alleges, on information and belief, that Debtors/Defendants have not been truthful with this Court. Their petition (filed in October of 2024) lists WISETEX as their "employer" since 2017, whereas the Statement of Information filed by WISETEX in July of 2023 indicates that Debtor/Defendant XU is the Manager or Member, as well as the Agent for Service of Process. The initial filing in 2017 similarly indicated that Debtor/Defendant XU was the Agent for Service of Process; as the Court is undoubtedly aware the initial filing with the Secretary of State does not require details as to management/membership.

14. Respectfully, and essentially, the Court has *sua sponte* raised concerns about the initial pleading and asked that it be shored up. In that regard, "[U]ncertain allegations should be liberally construed in the testing of a complaint for adequacy …, particularly where the facts as to which the complaint is uncertain are presumptively within the knowledge of the defendant." *Childs v. State of California* (1983) 144 CA3d 155, 160. Here, that knowledge of the Debtors/Defendants is (but not limited to) what their intentions were, the entities and actions utilized to facilitate said intent, etc.. Discovery can be used for clarification, and will only be sustained where defendants cannot reasonably determine what issues or claims are stated. *Khoury v. Maly's of Calif. Inc.* (1993) 14 CA4th 612, 616; Weil & Brown, Cal. Prac. Guide: Civ. Proc. Before Trial (The Rutter Group, 2014) ¶ 7:85 The ambiguous facts presumptively are within the knowledge of the demurring party." *Bacon v. Wahrhaftig* (1950) 97 CA2d 599, 605.

15. As a direct and foreseeable result of false and fraudulent statements of and/or intentional actions and failures to act of Defendants, and by reason of Plaintiff's relying on the truthfulness of the same Plaintiff has been damaged in the sum of $215,239.32, plus interest thereon at the maximum legal rate from September 30, 2022.

WHEREFORE, Plaintiff prays for Judgment as follows:

-5-

FIRST-AMENDED COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE, ETC.

1. That the Court determine the amount of debt in a sum according to proof, but no less than $215,239.32;

2. That the Court determine that the debt referenced above is a debt which may be excepted from discharge, after notice and hearing, under 11 USC §523(a)(2) and/or 11 USC §523(a)(4) and 11 USC §523(c);

3. That the day and date be set for hearing to determine the amount of debt and the non-dischargeability of said debt;

4. For costs herein expended;

5. For an order directing that Writs of Execution and Attachment issue against the Defendant for the amount of Plaintiff's Judgment plus interest; and

6. For such other relief to which the Plaintiff may be entitled.

DATED: May 23, 2025                    Respectfully submitted,
                                       HERZLICH, BLUM & ROZA, LLP

                                       By: _____
                                           MARTA ROZA